UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLINTON LOTHROP, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-00609-JHE |
| XTREME CONCEPTS, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION[1]**

Plaintiff Clinton Lothrop, III ("Lothrop" or "Plaintiff") has filed a Notice of Acceptance with Offer of Judgment pursuant to Fed. R. Civ. P. 68. (Doc. 23). This represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). For the reasons set forth below, the court approves Lothrop's acceptance of the Offer of Judgment.

**I. Background Facts**

Lothrop filed this action on April 23, 2019, asserting two counts under the FLSA—an overtime violation and a minimum wage violation—and a conversion count. (Doc. 1). Specifically, Lothrop states that Defendants Xtreme Concepts, Inc. ("Xtreme"), IK9, LLC ("IK9"), and Landon Ash ("Ash," and collectively with Xtreme and IK9, "Defendants") hired him in June 2016 as a kennel technician and maintenance man. (*Id.* at ¶¶ 8-9). Lothrop alleges Defendants paid him an hourly wage as low as $8.00 per hour and as high as $20.00 per hour. (*Id.* at ¶ 10).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

Lothrop routinely started work between 4:00 a.m. and 7:00 a.m. and left work at 4:30 p.m. or later. (*Id.* at ¶ 11). Although he was told he would receive a lunch break, Lothrop was prohibited from taking one; if he did take one, Defendants would sometimes deduct hours from his recorded time worked. (*Id.* at ¶ 12-13). Lothrop worked six or seven days per week. (*Id.* at ¶ 14). Defendants changed its pay periods on multiple occasions, resulting in Lothrop receiving less pay than he was due. (*Id.* at ¶¶ 15, 19). Lothrop also did not receive overtime pay or his final paycheck. (*Id.* at ¶¶ 20, 48). As for his conversion count, Lothrop states Defendants have refused to return a passport belonging to his dog, a kerosene heater, and a skateboard.[2] (*Id.* at ¶¶ 50-58). Defendants have answered the complaint, denying in relevant part Lothrop's allegations. (Doc. 10).

On October 21, 2020, Lothrop filed a Notice of Acceptance with Offer of Judgment. (Doc. 23). The attached Rule 68 Offer of Judgment indicates Defendants' "offer to allow judgment to be taken against them collectively, in the amount of $2,500.00 inclusive of costs now accrued." (Doc. 23-1). The undersigned ordered the parties to provide information necessary for the court to conduct a fairness analysis. (Doc. 24). The parties have done so, and the issue is ripe for decision.

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and

---

[2] Lothrop indicates his employment relationship with Defendants ended at some point, but does not include the date on which it ended. (*See generally* doc. 1). Defendants indicate that, in Lothrop's discovery responses, he pinpointed that date as December 14, 2016. (Doc. 26 at 2).

employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.[3] The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

---

[3] Although there is no case directly on point from the Eleventh Circuit, district courts in this circuit have generally found that *Lynn's Food Stores* applies to an Offer of Judgment pursuant to Rule 68, since it is simply another way of compromising an FLSA claim. *See e.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 602 (N.D. Ga. 2014); *Luna v. Del Monte Fresh Produce (Se.), Inc.*, 2008 WL 754452, at *12 (N.D. Ga. Mar. 19, 2008); *Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, No. 217CV292FTM38MRM, 2018 WL 4444468, at *1 (M.D. Fla. Sept. 18, 2018); *Patel, et al. v. Shah*, Case No. 5:15-1959-MHH (N.D. Ala.), doc. 52; *Mwangi v. Rugby Avenue Delicatessen, Inc., et al.*, Case No. 2:16-0901-JEO (N.D. Ala.), doc. 18.

Having reviewed the parties' motion and the settlement agreement, the undersigned finds that they have reached a fair and reasonable resolution of a bona fide dispute. Lothrop's response to the order indicates that, minus the $400.00 filing fee (advanced to Lothrop by counsel), Lothrop will recover $2,100.00. (Doc. 25 at 1-2). Lothrop has calculated his damages for his unpaid overtime and minimum wage claims to be approximately $1,696.00, and the value of his conversion claim to be between $400.00 and $600.00. (*Id.* at 2). Lothrop acknowledges that the Offer of Judgment does not include his full recovery for liquidated damages, but states that "a Judgment entered on his behalf has **significant value** to him." (*Id.*) (emphasis in original). Lothrop notes that the Offer of Judgment does not provide for attorney fees, so there is no risk that he has compromised his claims in favor of counsel's fees.[4] (*Id.* at 2-3, 7). Lothrop states he would have testified that he worked more than forty hours per week and was never paid his overtime premium, and that Defendants produced no records due to Ash's contention (supported by his sworn discovery responses) that the records had been destroyed by flooding. (*Id.* at 3-4). Lothrop indicates that he was willing to compromise his claim and not receive the $1,696.00 in liquidated damages "when faced with the loss of earnings in his present employment that are caused by the time spent in deposition, trial preparation, and the trial of this matter." (*Id.* at 4).

For their part, Defendants indicate that Lothrop has not provided a basis for the amount of FLSA damages he has calculated. (Doc. 26 at 2). They dispute the amount of those claims, pointing to the discrepancy between Lothrop's 2016 W-2 indicating $1,224.00 in wages (153 hours

---

[4] Lothrop notes that the Offer of Judgment's silence as to attorney fees means that they may still be available to counsel. (Doc. 25 at 4-6).

4

at $8.00/hour, for a total of 3.825 forty-hour weeks) during his employment and the amount he claims in damages.  (*Id.*).  In fact, Defendants dispute Lothrop is entitled to anything at all.  (*Id.*).

Reviewing these submissions, the undersigned concludes Lothrop reasonably compromised his claims by accepting the Offer of Judgment.  The parties clearly dispute liability and, if liability exists, the amount of damages owed to Lothrop.  The parties have also conducted some discovery and found that the issue of how many hours Lothrop actually worked will be tricky for either side to prove.  While the absence of employment records could support Lothrop's entitlement to a recovery under the FLSA, it is by no means certain given Defendants' explanation for the absence of the records.  Finally, Lothrop's desire for a judgment in his favor and his concerns regarding loss of earnings in prosecuting this case are reasonable.  Since Lothrop has reasonably compromised his claims, his acceptance of the Offer of Judgment is approved.

### III. Conclusion

The court finds Plaintiff's FLSA wage claim represents a bona fide dispute over FLSA provisions and the parties' monetary settlement is a fair and reasonable resolution of that bona fide disputes.  The parties are **DIRECTED** to submit a joint proposal for judgment to be entered against Defendants by **December 14, 2020**.  They should also submit a copy of that proposed judgment in Word format to chambers at england_chambers@alnd.uscourts.gov.  Any motion for attorney fees is due **14 days** from the date of entry of judgment.

DONE this 30th day of November, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE